UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 03-102-KSF
CIVIL ACTION NO. 6:08-7033-KSF

UNITED STATES OF AMERICA              PLAINTIFF/RESPONDENT

v.            **OPINION & ORDER**

TERRY E. ADKINS                  DEFENDANT/MOVANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion [DE #148] of the defendant, Terry Adkins, *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on May 24, 2004. The matter was referred to the Magistrate Judge who, on February 22, 2012, issued his Recommended Disposition wherein he recommends that Adkins' motion for § 2255 relief be denied [DE #178]. Although under 28 U.S.C. § 636(b)(1), Adkins only had fourteen days after being served with a copy of the Magistrate Judge's decision to file objections, his motion for an extension of time to file his objections was granted in part to the extent that was permitted to file objections no later than March 23, 2012 [DE #180]. Adkins failed to file any objections within that expanded time frame.

Adkins was convicted of one count of conspiracy to possess visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(b)(1), ninety-nine counts of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of matters containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). He pleaded not guilty to all

counts. This Court conducted a bench trial and found Adkins guilty as to all counts [DE #49]. Adkins was subsequently sentenced (and resentenced on remand pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005)) to 900 months in prison [DE #99, 121].

Adkins filed this Motion to Vacate on October 23, 2008 [DE #148] and supplemented the motion on October 10, 2009 [DE #153]. In support of his motion, Adkins asserts claims of ineffective assistance of counsel (at the trial, appellate, and resentencing levels) and improper sentencing. Reviewing Adkins' motion, the Magistrate Judge concluded that Adkins had not proven, by a preponderance of the evidence, a right to *Strickland* relief. Moreover, the Magistrate Judge determined that Adkins procedurally defaulted the due process, equal protection, and judicial bias claims asserted in his motion. Accordingly, the Magistrate Judge recommended that Adkins' § 2255 motion be denied.

The Court, upon *de novo* review of this matter, agrees with the Magistrate Judge's recommendation. Accordingly, Adkins' § 2255 motion will be denied.

In determining whether a certificate of appealability should issue as to Adkins' claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Adkins has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

(1) The Magistrate Judge's Recommended Disposition [DE #178] is **ADOPTED** as and for the opinion of the Court;

(2) Adkins' motion to vacate [DE #148] is **DENIED**;

(3) Pursuant to 28 U.S.C. § 2253(c), the Court finds that Adkins has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue; and

(4) Judgment will be entered contemporaneously with this opinion and order in favor of the United States of America.

This March 29, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge