UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 03-102-KSF
Civil Action No. 08-7033-KSF

UNITED STATES OF AMERICA                                        PLAINTIFF/RESPONDENT

V.                              **OPINION & ORDER**

TERRY E. ADKINS                                                    DEFENDANT/MOVANT

* * * * * * * * * * * *

On April 9, 2012, the Clerk received a letter from the defendant, Terry E. Adkins, requesting that the Court vacate its Judgment of March 29, 2012 [DE #184]. Specifically, the defendant contends that he delivered his objections to the Magistrate Judge's Recommended Disposition to prison officials on March 23, 2012, after receiving an extension of time until that date to file the objections. The objections were not received, however, until March 29, 2012, after entry of the Judgment. The Clerk and the Court have construed the defendant's letter as a motion to vacate the judgment. Because the objections were timely filed under *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Court will vacate the earlier judgment and reconsider Magistrate Judge Wier's Recommendation Disposition as well as the defendant's objections.

Adkins was convicted of one count of conspiracy to possess visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(b)(1), ninety-nine counts of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of matters containing visual depictions of minors engaged

in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). He pleaded not guilty to all counts. This Court conducted a bench trial and found Adkins guilty as to all counts [DE #49]. Adkins was subsequently sentenced (and resentenced on remand pursuant to *United States v. Booker*, 125 S.Ct. 738 (2005)) to 900 months in prison [DE #99, 121].

Adkins filed this Motion to Vacate on October 23, 2008 [DE #148] and supplemented the motion on October 10, 2009 [DE #153]. In support of his motion, Adkins asserts claims of ineffective assistance of counsel (at the trial, appellate, and resentencing levels) and improper sentencing. Reviewing Adkins' motion, the Magistrate Judge concluded that Adkins had not proven, by a preponderance of the evidence, a right to *Strickland* relief. Moreover, the Magistrate Judge determined that Adkins procedurally defaulted the due process, equal protection, and judicial bias claims asserted in his motion. Accordingly, the Magistrate Judge recommended that Adkins' § 2255 motion be denied.

On March 29, 2012, Adkins filed his "Objection in Blanket Form to the Magistrate's Recommended Disposition" [DE #183]. First, he complains that he has not had adequate time to file a more thorough response to the Magistrate Judge's Recommended Disposition, but generally states that "the record is more than clear, and that the facts will establish that Adkins is entitled to relief on all or at least some of the grounds raised in his § 2255" [DE #183]. The defendant then asks the Court to consider all his arguments made in previous findings. He fails to cite any specific objections to the Magistrate Judge's Recommended Disposition.

Rule 72(b) of the Federal Rules of Civil Procedure requires as follows:

Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific*, written objections to the proposed findings and recommendations. . . .

2

Fed.R.Civ. P. 72(b)(emphasis added). With respect to resolving the objections, Rule 72(c) provides that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." Fed.R.Civ.P. 72(c) (emphasis added). In this case, the defendant was granted additional time to make specific objections, and failed to do so. Nevertheless, the Court has conducted a *de novo* review of the record in this case and continues to agree with the Magistrate Judge's Recommended Disposition for the reasons stated therein.

In determining whether a certificate of appealability should issue as to Adkins' claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Adkins has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

(1) Adkins' motion to vacate judgment [DE #184] is **GRANTED** and the Court's Opinion & Order [DE #181] and Judgment [DE #182] are hereby **VACATED**;

(2) Adkins' objections to the Magistrate Judge's Recommended Disposition [DE #183] are **OVERRULED**;

(3) The Magistrate Judge's Recommended Disposition [DE #178] is **ADOPTED** as and for the opinion of the Court;

(4) Adkins' motion to vacate under 28 U.S.C. § 2255 [DE #148] is **DENIED**;

(5) Pursuant to 28 U.S.C. § 2253(c), the Court finds that Adkins has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue; and

(6) Judgment will be entered contemporaneously with this opinion and order in favor of the United States of America.

This April 12, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge